Saul S. Streit, J.
Although the amended complaint refers to the contract of March 25, 1958 and states that the contract is “ incorporated herein by such reference ”, a copy of the contract is not annexed to the pleading. The alleged copy submitted by plaintiffs must be disregarded on the present motion, since it is not physically part of the amended complaint served upon defendant. The amended complaint alleges (par. seventeenth) that the moving defendant, New York Towers, Ltd., delivered to deféndants, Cal-New Yorker, Inc. and New Yorker Properties, Inc., a written assumption of the liabilities of Alexander Gross under the latter’s contract with New Yorker Properties, Inc., for the purchase of the Hotel New Yorker. One of these liabilities, it is alleged, was a covenant to save harmless the seller and Cal-New Yorker, Inc., “ from and against all liability *623 for payment or other performance upon and under the agreement and contract for television equipment and installations entered into under date of March 25,1958 with the plaintiff, Bell Television, Inc.”
Although a covenant to save harmless against liabilities is not, ordinarily, equivalent to an assumption of the liabilities, the facts alleged in the present pleading indicate that the covenant of Gross, which New Yorker Towers, Ltd. assumed, amounted to an assumption of the liabilities of New Yorker Properties, Inc. and Cal-New Yorker, Inc., under the television contract with plaintiff, Bell Television, Inc. Both New Yorker Properties and Cal-New Yorker, Inc. gave up ownership, possession and control of the hotel as the result of the sale to Gross, who in turn conveyed them to the moving defendant, which he had organized.
The pleading alleges that the latter, as contemplated by the agreement of sale, took over ownership and possession of the hotel, containing the television sets installed by plaintiff, Bell Television, Inc., and continued to use and enjoy the sets as well as the benefit of the services of maintenance employees furnished by plaintiff, Bell Television, Inc., under the terms of its contract with Cal-New Yorker, Inc.
After the sale by New Yorker Properties, Inc. to Gross, neither it nor Cal-New Yorker, Inc., could any longer continue performance of such provisions of the contract as could be performed only by the company legally in possession of the hotel. For example, they could not give the Bell Television employees access to the premises to service the sets as required by the contract with the Bell company. Nor could they enjoy the benefit of the sets or return them to the Bell company. Since both New Yorker Properties, Inc., and Cal-New Yorker, Inc., were passing out of the picture completely as the result of the sale to Gross, the covenant to save them harmless seems to have been intended as an assumption of their obligation under the television contract by the moving defendant, which was to continue using the sets and the services of the Bell employees and which did, in fact, do so.
It is not without significance that the covenant of Gross, allegedly assumed by the moving defendant, was not merely to save New Yorker Properties, Inc., and Cal-New Yorker, Inc., harmless against liability, u for payment”, but also against liability for “other performance” of the television contract (par. fifteenth). This indicates that it was intended that said corporations were -no longer to continue making payments or *624 otherwise performing the television contract and that Gross’ corporation, New Yorker Towers, Ltd., was to take over performance of the contract.
In the court’s opinion, a good cause of action at law against the moving defendant is stated. The facts alleged entitle it at most to a money judgment. They do not justify the equitable relief sought,, since there is an adequate remedy at law. No claim is made that the moving defendant is not amply responsible financially for any judgment which may be entered against it.
As no good case for equitable relief is made out, the motion to dismiss is granted, with leave to serve an amended complaint upon the law side of the court.